Hussa Brewing Company, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*December 13, 1912—January 7, 1913.*

*Carriers: Loss ·of goods by fire after arrival: Limiting liability: "Legal holidays" include Sunday: Reasonable time made definite by contract.*

1. In a bill of lading, limiting to that of warehouseman only the carrier's liability for loss caused by fire occurring after forty-eight hours (exclusive of legal holidays) after notice of arrival of the property at destination, the term "legal holidays" included Sunday.

2. Where the law gives a reasonable time within which to do an act, the parties to a contract may, at least within limits, make that time fixed and definite.

Appeal from a judgment of the circuit court for La Crosse county: E. C. Higbee, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *William G. Wheeler,* attorney, and *George H. Gordon* and *Edward M. Smart,* of counsel. They contended that the bill of lading simply says that *after* forty-eight hours after notice the carrier's liability shall be that of warehouseman only. This does not amount to an agreement to hold as carrier for such full forty-eight hours, regardless of the lapse of a reasonable time meanwhile. It is simply an agreement between

the parties that the lapse of forty-eight hours shall be conclusively a reasonable time, and thereafter the liability shall be that of warehouseman only. The clause is one of limitation as to reasonable time, and not a grant. Sunday is not a "legal holiday," according to natural signification or common acceptance. *A. G. Spalding & Bros. v. Bernhard,* 76 Wis. 368, 372, 44 N. W. 643; secs. 1684, 2577, Stats. (1898); secs. 1675, 1678—15, Stats. (Supp. 1906). Not being so naturally included, the court should, in a case like this, adopt the rule that the inclusion of one term in the contract implies the exclusion of the other. The parties having expressly excluded legal holidays, it implies that they did not intend to exclude Sundays.

For the respondent the cause was submitted on the brief of *Bunge & Bosshard.*

TIMLIN, J. Where (as in this case) goods had been shipped under a bill of lading providing that "the carrier . . . of any of the property herein described shall be liable for any loss thereof or damage thereto except as hereinafter provided. . . . For loss, damage, or delay caused by fire occurring after forty-eight hours (exclusive of legal holidays) after notice of arrival of the property at destination . . . has been duly sent or given, the carrier's liability shall be that of warehouseman only;" and where notice of the arrival of the property at destination had been duly given on Friday, July 1, 1910, at 3 o'clock p. m., and the goods were destroyed by fire about 1 o'clock a. m. on July 5, 1910, without negligence on the part of the carrier, the latter is liable to one who is consignor, consignee, and owner for their value. Where the law gives a reasonable time within which to do an act, the parties to a contract may, at least within limits, make that time fixed and definite. The word "holiday" in such contract includes Sunday as well as the Fourth of July, made a holiday by statute.

*By the Court.*—Judgment affirmed.